Tracy Gibson #1436824
3060 FM 3514
B eaumont ,T.x.    7.7705

8th of December,2015           Re:    F149622007

                                      wr-68,962-01

Dear clerk of court ;

It is of great concern that i request for you to file the en-
closed legal docuement titled as an "objection " to the trial
courts (defendants)   , denial for me to Leave of Court to Amend
/Supplement the original art§11.07 writ habeas corpus post-conv
iction relief application filed and dismissed without written
order by the C.O.A. (Criminal Court Of Appeals).Attached is a
inmates declaration and certificate of service.
        If there is any further instructions from this honorable
court be sure to forward them to me at the address above.
Thank you sincerely for your time and consideration to address
my letter!

                              Sincerely;

                              Tracy Ray Gibson #1436824

                              Tracy Ray Gibson

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 15 2015

Abel Acosta. Clerk

IN THE CRIMINAL COURT OF APPEALS ,AUSTIN,TEXAS

trial court no . :  F149622007

court of appeals no. :  wr-68,962-01

| | | |
|---|---|---|
| Tracy Gibson#1436824<br>Stiles Unit<br>3060 FM 3514<br>Beaumont,T.x. 77705<br>(pro se Applicant) | - v - | 145th Judicial District<br>Nacogdoches County<br>101 W. Main St.,room 120<br>Nacogdoches,T.x.   75961<br>( Defendants ) |

Applicants" Objection in accordance to Texas Rule of
Appellate Procedure 73.4(4), any   objections to the courts Findin
gs of Fact and Conclusion of Law by either party

On this 30th day of November,2015, I received the Defendants Fact Findings and Conclusion of Law denying my motion to request Leave of Court to Amend/Supplement original  §11.07 application. The Criminal Court of Appeals denied without written order the original art. §11.07application in January,2008. Since then  it has come to light that this honorable court has reconsidered, sua sponte, it's denial and remanded the cause of action back to the trial court under the art.§11.07 Texas Rules Of Appellate Procedure73.4  3) D).The trial court (defendants), bench-warranted applicant back to the trial court to address the claim of Ineffective Assistance of Counsel. Applicant was speciffically instructed to answer only two questions.Applicant was not permitted to address any other of his claims that were stated in his original art.§11.07 Application. Applicant, was immediately returned back to Texas Department Of Criminal Justice, without any further hearings to address any other of his claims.Now comes , Applicant

[1]

to excercise in accordance to Texas Rule Of Appleate Procedure 73.4(4)..... any objections to the courts Findings of Fact and Conclusion of Law by either party.

## Fact Findings

1) The Criminal Court of Appeals did file an order to remand Applicants, art§11.07 application back to his trial court for further hearings to address his claims in his original application, this occured on July 1st, 2015.

2)  The Defendants only addressed Applicants' claim to ineffective assistance of counsel and DID NOT address his claim to the Defective Indictment claim that can be raised for the first time in art.§11.07habeas corpus state writ for post-conviction relief.

3) Applicant , objects to the fact that the trial cort will not allow him permittance to Leave of Court to Amend/Supplement his original application because the trial court clerk of court never forwarded its nunc pro tunc order (10-15-07) to the Texas Department of Criminal Justice - Institutional Division until five years after the fact when applicant , brought it to the trial courts attention that they faieled to do so with the assistance of the State Counsel For Offenders.,and caused the Applicant, serious irreversible error that was harmful and hindered Applicant to timely file his available legal remedies.

## Conclusion of Law

Defendants are not in full compliance with the court oreder

(2)

filed by the Criminal Court Of Appeals.

The trial court has not forwarded its post-conviction court order ( nunc pro tunc) to TDCJ-Records Division so Applicant can be correctly calculated for parole eligibility in a timely and prompt fashion as to not cause harmful errors. Applicants inmate file will reflect in his "Time-Slips" and parole records will show that he could not attend his first parole review on 3-2012 because the correction wasn't able to be entered until January,2013. Furthermore,the defendants, have issued a post-conviction nunc pro tunc order that corrects a judicial error and not a clerical error that only nunc pro tunc orders are allowed to be issued for , to which is correct t he record for which was rendered and not what should have been done. Therefore making the courts order nunc pro tunc null and voidable . Also , now that the trial court has caused unreasonble delay , the trial court has violated Texas Criminal Code Procedure art §12.01 statute-of-limitations of five years has expired to be able to present the , Applicant, with another indictment of a lesser-included-offense. Therefore, the nunc pro tunc order can not be enforced by ;writ of mandamus.

Respectfully submitted by me on this 8th day of December,2015.

Tracy Gibson 12-8-15

(3)

Applicant does hereby declare and certify under penalty of perjury that all information herein is true and correct to his knowledge expressed in Title 28 USC section 1746(1), I also have utilized the United States Postal Services to have a copy delivered to the following persons: Criminal Court Of Appeals , Clerk of Court, Abel Acosta,P.O. Box 12308 Capitol Station, Austin, T .x. 78711 and ; a copy sent to the trial court at: 145th Judicial District, 101 W. Main St., room 120,Nacogdoches,T.x. 75961 clerk of court is,Mrs.loretta Cammack.

Respectfully submitted this 8th day of December,2015.

_Tracy Gibson_ 12-8-15

Tracy Gibson 12-8-15